UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT STULTZ,

                Plaintiff,

-vs-                                             Case No. 13-cv-13705
                                             Hon. Patrick J. Duggan

J. B. HUNT TRANSPORT, INC.

                Defendant.
_____

| | |
|---|---|
| GOLD STAR LAW, P.C. | FOSTER SWIFT COLLINS & SMITH PC |
| By: David A. Hardesty (P38609) | By: Dirk H. Beckwith (P35609) |
|     Maia E. Johnson (P40533) |     Michael R. Blum (P39976) |
| Attorneys for Plaintiff | Attorneys for J. B. Hunt Transport |
| 2701 Troy Center Drive, Suite 400 | 32300 Northwestern Highway, Suite 230 |
| Troy, Michigan 48084 | Farmington Hills, Michigan 48334-1571 |
| 248.707.1969 | 248.539.9918 |

_____

J. B. Hunt Transport, Inc.'s Trial Brief

I.         Introduction

On August 29, 2013, Robert Stultz commenced this action against J. B. Hunt Transport, Inc. claiming J. B. Hunt Transport failed to pay him overtime wages from 2011 through 2013 in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). J. B. Hunt responds that Mr. Stultz's employment with J. B. Hunt Transport falls within an exemption to the FLSA and that J. B. Hunt Transport is not obligated to pay overtime wages to Mr. Stultz.

II.        Discussion of the Fair Labor Standards Act

The Sixth Circuit Court of Appeals recently addressed a claim for overtime pay in *Foster v. Nationwide Mutual Insurance Co.*, 710 F.3d 640 (6th Cir. 2013).

> The FLSA requires overtime pay for each hour worked in excess of forty hours per week, but exempts "any employee employed in a bona fide executive,

administrative or professional capacity." 29 U.S.C. § 213(a)(1). Congress did not define these exemptions, but delegated authority to the Department of Labor (DOL) to issue regulations to define and delimit these terms. *Id.*; *see Christopher v SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162, 183 L. Ed. 2d 153 (2012). The current regulations, reissued and streamlined with minor amendments in 2004, provide that the administrative exemption covers employees:

> (1) Compensated . . . at a rate of not less than $455 per week . . . ;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a). The exemption is to be narrowly construed against the employer, and the employer bears the burden of proving each element by a preponderance of the evidence. *Renfro v Indiana Mich. Power Co. (Renfro II)*, 497 F.3d 573, 575-575 (6th Cir. 2007).

Accord, *Henry v. Quicken Loans, Inc.*, 698 F.3d 897 (6th Cir. 2012).

In the case at bar, it is undisputed that Mr. Stultz was compensated at a rate of not less than $455 per week. Therefore, the first prong of the three-prong test is satisfied.

To satisfy the management-related prong (the second prong), "the employee's 'primary duty' must involve 'work directly related to the management or general business operations' of the company or its customers." 29 C.F.R. § 541.200(a)(2). In this setting, "'[p]rimary duty' does not mean the most time-consuming duty; it instead connotes the 'principal' or 'chief' – meaning the most important – duty performed by the employee." *Thomas v Speedway SuperAmerica, LLC*, 506 F.3d 496, 504 (6th Cir. 2007)." *Henry* at 899. The Department of Labor regulations explain that this prong "'refers to the type of work performed by the employee.' 29 C.F.R. § 541.201(a). 'To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a

manufacturing production line or selling a product in a retail or service establishment.'" *Foster* at 644.

To satisfy the discretion-and-independent-judgment prong (the third prong), an employer has to show that the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3). *See*, *Henry*, at 901. "According to the regulations, 'discretion and independent judgment' mean the 'comparison and evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered.' 29 C.F.R. § 541.202(a)." *Id.*, 901. The third prong "requires 'more than the use of skill in applying well-established techniques, procedures or specific standards in manuals or other sources." 29 C.F.R. § 541.202(e). The term 'matters of significance' refers to the level of importance or consequence of the work performed." *Foster*, at 646.

In Mr. Stultz's complaint, he alleges that J. B. Hunt Transport willfully violated the FLSA (Stultz Complaint, p. 24). An ordinary violation of the FLSA is subject to a two-year statute of limitations. *McLaughlin v Richland Shoe Co.*, 486 U.S. 128, 135, 108 S.Ct. 1677, 1680, 100 L.Ed. 2d 115 (1988). However, where a violation is "wilful" a three-year statute of limitations applies. For the three-year statute of limitations to apply, it must be proven that the employer's conduct was wilful as that term is defined in *Transworld Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-30, 105 S. Ct. 613, 623-26, 83 L.Ed. 2d 523 (1985). Under this standard, it must be shown that the employer either knew or showed reckless disregard of the matter of whether its conduct was prohibited by the statute.

### III. Statement of Facts

Mr. Stultz was hired by J. B. Hunt Transport, Inc. on April 4, 2005. He was hired to work on an hourly basis as a journeyman tire technician/tire utility. This was an hourly position. At the time, Mr. Stultz was the only journeyman tire technician J. B. Hunt Transport, Inc. employed at the maintenance terminal in Wayne, Michigan.

In April, 2006, Mr. Stultz became a tire journeyman at J. B. Hunt Transport. His responsibilities as a tire journeyman were to mount and dismount tires, inventory and participate in scrap audits.

In April, 2008, Mr. Stultz became a parts journeyman for J. B. Hunt Transport, Inc.

While Mr. Stultz was employed by J. B. Hunt Transport, Inc. as a journeyman tire technician, tire journeyman, and parts journeyman he was paid on an hourly basis. At all times while he was employed as a journeyman tire technician, tire journeyman, and parts journeyman he was paid time and one half for all hours worked over 40 hours in a given workweek.

Mr. Stultz was promoted to the position of Parts Manager on January 16, 2011. It was at this time that Mr. Stultz became a salaried employee. When he became as Parts Manager at the maintenance terminal in Wayne, Michigan he negotiated his own salary.

As Parts Manager, Mr. Stultz ran the parts department in Wayne, Michigan and supported the parts department in Marquette, Michigan. He also filled in at the tire department because of his tire expertise. While employed as a Parts Manager, Mr. Stultz managed a large amount of money in the tire department in both the Wayne and Marquette parts departments. Mr. Stultz had the discretion to select the brand of tires for the Marquette Maintenance facility.

Mr. Stultz was terminated by J. B. Hunt Transport, Inc. in July, 2013 for inappropriate behavior.

The proofs at trial will demonstrate that Mr. Stultz was exempt under the administrative employee exemption. It is undisputed that Mr. Stultz was paid at a rate of not less than $455 per week. Furthermore, Mr. Stultz's primary duty was the performance of office or non-manual work directly related to the management or general business operations of J. B. Hunt. Moreover, Mr. Stultz's primary duty included the exercise of discretion and independent judgment with respect to matters of significance. Finally, the proofs will show that J. B. Hunt did not wilfully violate the Fair Labor Standards Act. Finally, Mr. Stultz is not entitled to recover liquidated damages under the Fair Labor Standards Act.

                                      FOSTER SWIFT COLLINS & SMITH PC

                                      /s/ Dirk H. Beckwith
                                      By: Dirk H. Beckwith (P35609)
                                      Attorneys for J. B. Hunt Transport, Inc.
                                      32300 Northwestern Highway, Suite 230
                                      Farmington Hills, Michigan 48334-1571
                                      248.539.9918

Dated:  May 15, 2014