UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT STULTZ**,

                Plaintiff,

                              Case No. 13-cv-13705

v.

                              Hon. Patrick J. Duggan

**J. B. HUNT, INC.**

                Defendant.

| **GOLD STAR LAW, P.C.** | **FOSTER SWIFT COLLINS & SMITH** |
|---|---|
| **DAVID A. HARDESTY (P38609)** | **DIRK H. BECKWITH (P35609)** |
| **MAIA E. JOHNSON (P40533)** | **MICHAEL R. BLUM (P39976)** |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 2701 Troy Center Dr., Ste. 400 | 32300 Northwestern Hwy., Suite 230 |
| Troy, MI 48084 | Farmington Hills, MI 48334 |
| (248) 275-5200 | (248) 539-9918 |
| dhardesty@goldstarlaw.com | dbeckwith@fosterswift.com |
| mjohnson@goldstarlaw.com | mblum@fosterswift.com |

**PLAINTIFF'S PROPOSED FINDINGS OF
FACT AND CONCLUSIONS OF LAW**

Plaintiff, Robert Stultz, submits the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. Plaintiff was employed by Defendant at its facility in Wayne, Michigan, from April 5, 2005 through July 12, 2013.

2.      Plaintiff was employed in a position with the title "parts journeyman" from April of 2008 through January 15, 2011.

3.      Plaintiff was classified by Defendant as a non-exempt employee in his position as parts journeyman, was paid at an hourly rate and was paid at 1 ½ times his regular hourly rate for hours worked in excess of forty per week. Plaintiff's last hourly rate as parts journeyman was $22.73 per hour.

4.      Plaintiff was employed by Defendant in a position with the title "parts manager" from January 16, 2011 through July 12, 2013 ("the relevant period").

5.      Plaintiff's actual job duties as parts manager did not differ in any significant respect from his actual job duties as parts journeyman.

6.      Defendant changed Plaintiff's title to parts manager for the purpose of granting him a requested pay raise.

7.      Defendant was aware that Plaintiff's actual job duties did not change in any significant respect upon the change of his title from parts journeyman to parts manager.

8.      As parts manager, Plaintiff's job duties included: issuing parts to technicians and mechanics at the Wayne facility and recording the issuance of the parts in Defendant's computer system; receiving parts shipped to the facility, recording the receipt of the parts and storing the parts in the appropriate place and order; shipping parts to others of Defendant's facilities, including removing the

parts from storage, packaging the parts and recording the shipping of the parts; keeping track of the numbers of parts on hand; conducting periodic inventories to confirm that the number of parts on hand matched the number of parts reflected in Defendant's computer system; and initiating orders for parts, by filling out a purchase order, in order to keep the number of particular parts within the minimum and maximum limits established by Defendant.

9. While employed both as parts journeyman and parts manager Plaintiff also was required to conduct periodic "scrap audits" at Defendant's tire retreading vendors and "fleet terminal audits" at other facilities run by Defendant.

10. Plaintiff's duties regarding scrap audits were to examine tires placed in scrap by the retreading vendor to determine whether, according to standards set by Defendant, the tires could be retreaded rather than scrapped. Plaintiff was also required to examine tires to determine whether there were potential manufacturing defects. Plaintiff recorded his observations on forms provided by Defendant and submitted them to Defendant.

11. Plaintiff performed scrap audits every other month, and they took one to two days to complete, including travel.

12. Plaintiff's duties regarding fleet terminal audits were to measure the tread depth and air pressure of the tires on twenty randomly selected tractors and twenty randomly selected trailers, record the measurements and submit them to

Defendant. He was also required to check to see whether the tire and parts inventories at the terminal were stored in the places and in the order required by Defendant, and report those results.

13. Plaintiff performed fleet terminal audits approximately once per month, between March and November of the year, and they typically took one to two days to complete, including travel.

14. As parts manager Plaintiff had no authority to hire or fire employees or to set or modify their compensation or work schedules. He did not: conduct performance evaluations or issue discipline to employees; handle employee complaints or grievances; maintain production or sales records for use in supervision or control; determine the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; control the flow and distribution of materials or merchandise and supplies; provide for the safety and security of the employees or the property of Defendant; plan or control the budget; or monitor or implement legal compliance measures.

15. Plaintiff's primary duty was not management of Defendant or of any department or subdivision thereof during the relevant period.

16. Plaintiff never directed the work of two other full time employees, or the equivalent of two full time employees, during the relevant period.

17. Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Defendant during the relevant period.

18. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance during the relevant period.

19. Defendant compensated Plaintiff during the relevant period on a salary basis and did not compensate Plaintiff any additional amount for hours he worked in excess of forty per week.

20. Defendant paid Plaintiff during the relevant period as follows: from January 16, 2011 through May 5, 2012, $2,167.12 per two-week pay period; from May 6, 2012 through May 4, 2013, $2,230.77 per two-week paid period; and from May 5, 2013 through July 12, 2012, $2,269.23 per two-week pay period.

21. Plaintiff's regular hourly pay rate during the relevant period was: from January 16, 2011 through May 5, 2012, $27.09 per hour; from May 6, 2012 through May 4, 2013, $27.88 per hour; and from May 5, 2013 through July 12, 2012, $28.37 per hour.

22. Plaintiff's overtime pay rate during the relevant period was: from January 16, 2011 through May 5, 2012, $40.64 per hour; from May 6, 2012

through May 4, 2013, $41.82 per hour; and from May 5, 2013 through July 12, 2012, $42.56 per hour.

23. Defendant did not maintain accurate and complete records of the hours Plaintiff worked during the relevant period.

24. It is reasonable to infer from Plaintiff's testimony that he regularly worked at least 55 hours per week during the relevant period, and sometimes worked up to 60 hours per week.

25. A reasonable estimate of the number of overtime hours worked by Plaintiff during the relevant period, based on 15 overtime hours per week, is 1,965 hours.

26. Defendant did not pay Plaintiff 1 ½ times his regular rate for any of the 1,965 overtimes hours worked.

27. Defendant classified Plaintiff as exempt from the overtime requirements of the Fair Labor Standards Act with knowledge that his duties as parts manager would not and did not change in any significant respect from his duties in the non-exempt parts journeyman position, and without any regard to whether classifying Plaintiff as exempt from overtime violated the FLSA.

28. Defendant violated the FLSA by failing to compensate Plaintiff at 1 ½ times his regular rate for hours worked in excess of forty per week.

29. Defendant either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.

30. Defendant's improper classification of Plaintiff as exempt and its failure to compensate him at the overtime rate required by the FLSA were not objectively reasonable.

31. The amount of the unpaid overtime compensation owed to Plaintiff is $81,047.20.

## CONCLUSIONS OF LAW

1. Plaintiff was an "employee" within the coverage of the FLSA.

2. Defendant is an "employer" within the coverage of the FLSA.

3. Plaintiff was not employed in a bona fide executive or administrative capacity during the relevant period.

4. Plaintiff was not employed in any capacity which was exempt from the overtime provisions of the FLSA during the relevant time period.

5. Defendant violated Section 207 of the FLSA, *29 U.S.C. 207*, by failing to pay Plaintiff at 1 ½ times his regular rate for hours worked in excess of forty per week.

6. Defendant's violation of the FLSA was willful.

7. Defendant has not established that its violation of the FLSA was in good faith and reasonable.

8. Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid overtime compensation.

9. Plaintiff is entitled to recover his costs and reasonable attorney fees incurred in this action.

                Respectfully submitted,

                **GOLD STAR LAW, P.C.**

                /s/ *David A. Hardesty*
                **David A. Hardesty P38609**
                2701 Troy Center Dr., Ste. 400
                Troy, MI 48084
                (248) 275-5200

Dated: May 15, 2014