UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT STULTZ**,

                  Plaintiff,

                                  Case No. 13-cv-13705

v.

                                  Hon. Patrick J. Duggan

**J. B. HUNT, INC.**

                  Defendant.

| **GOLD STAR LAW, P.C.** | **FOSTER SWIFT COLLINS & SMITH** |
|---|---|
| **DAVID A. HARDESTY (P38609)** | **DIRK H. BECKWITH (P35609)** |
| **MAIA E. JOHNSON (P40533)** | **MICHAEL R. BLUM (P39976)** |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 2701 Troy Center Dr., Ste. 400 | 32300 Northwestern Hwy., Suite 230 |
| Troy, MI 48084 | Farmington Hills, MI 48334 |
| (248) 275-5200 | (248) 539-9918 |
| dhardesty@goldstarlaw.com | dbeckwith@fosterswift.com |
| mjohnson@goldstarlaw.com | mblum@fosterswift.com |

## PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING DAMAGES

## I.  INTRODUCTION

After a bench trial, this Court entered its Findings of Fact and Conclusions of Law on June 12, 2014.  The Court held that Defendant, J.B. Hunt Inc. ("Hunt") had not established that Plaintiff, Robert Stultz ("Stultz") was exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), and accordingly that Hunt had violated the FLSA by failing to pay Stultz at 1 ½ times his regular rate of pay for hours worked in excess of forty per week.

The Court determined that Stultz had not established that Hunt's violation was willful and, therefore, that the two year limitations period applied.  Since the Complaint was filed on August 29, 2013, Stultz could recover damages for unpaid overtime for the period from August 29, 2011 through the end of his employment. The parties stipulated, in the Joint Final Pretrial Order, that Stultz was employed through July 12, 2013.

The Court also determined that Hunt had not established that its violation of the FLSA was in good faith and objectively reasonable, and that Stultz was therefore entitled to recover liquidated damages in an amount equal to his unpaid overtime.

The Court reserved ruling on the issue of the amount of damages to which Stultz is entitled in order to give the parties an opportunity to reach agreement on that issue.  Because the parties were unable to agree, the issue of damages is currently before the Court.

The specific issue is how many hours of overtime Stultz worked during the relevant period.

## II.  ARGUMENT

The parties have not ordered or received a transcript of the trial testimony, so the statement of facts will have to be based on memory and notes.  There was no dispute, however, regarding the amount of salary that Stultz was paid during the relevant period – including two raises that he received.

**A.    STULTZ'S "REGULAR RATE"**

The FLSA mandates that an employee be paid 1 ½ times his "regular rate" for all hours worked in excess of forty per week.  *29 USC 207(a)(2)*.  When an employee is paid on an hourly basis there is no issue regarding what his regular rate is.  Where, as here, the employee is paid on a salary basis, determination of his "regular rate" requires some calculation.

Both Stultz and his supervisor, Richard Mumm, testified that salaried personnel at Hunt were expected to work 40 hours per week – 45 total hours, with one-hour lunch breaks.[1]  Accordingly Stultz's regular hourly rate can easily be calculated – his weekly pay divided by forty.

---

[1]   The testimony establishes that there was no "clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number," so the fluctuating work week basis for calculating the regular rate, set out at *29 CFR 778.114*, is inapplicable.

Stultz submitted to the Court, at closing argument, a spread sheet which showed the calculation of his regular hourly rate of pay.  The total damages amount was based on 20 hours of overtime per week, although the calculation of regular rate is not dependent upon the number of overtime hours.  For the Court's convenience, Stultz has attached two spread sheets hereto: one based on 20 hours of overtime (*Exhibit 1*) and one based on 15.75 hours of overtime per week (*Exhibit 2*).  The spread sheets are based on the following facts.

From July 29, 2011 through May 5, 2012 Stultz was paid $2,167.12 on a twice-monthly basis.  From May 6, 2012 through May 4, 2013, he was paid $2,230.77 twice per month.  From May 5 through July 12, 2013 Stultz received $2,269.23 twice per month.

After annualizing his pay and dividing by the number of weeks per year, his weekly pay was $1,000.21 for the first 35.71 weeks, $1,029.59 for the next 51.86 weeks and $1,047.32 for the final 5.43 weeks.

Stultz's regular hour rates, therefore, were $25.01 for 35.71 weeks, $25.74 for 51.86 weeks and $26.18 for 5.43 weeks.  His overtime rates (regular rate times 1.5) would have been $37.51, $38.61 and $39.28, respectively.

Calculating Stultz's lost overtime compensation requires only multiplying his overtime rate of pay by the number of hours over forty that he worked, for each of the three time periods.

4

**B.**     **STULTZ'S HOURS WORKED**

The FLSA mandates that employers keep and maintain records of the hours worked by employees.  *29 U.S.C. 211(c).*  Hunt, like many other employers, did not have any method to keep track of the hours worked by employees it classified as exempt, including Stultz.  Where the employer has failed to keep proper and accurate records, the employee is only required to produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  Unless the employer responds with evidence of the "precise" number of hours worked or with evidence to "negative the reasonableness of the inference to be drawn" from the employee's evidence, the court may award damages based on the "approximate" numbers.  *Id.*

Stultz testified that, from the time that he was classified as "parts manager" and placed on a salary pay basis, he regularly arrived at work at 6:00 a.m. and worked until "at least" 5:00 p.m., and usually until 5:30.  He testified that he did not take lunch breaks which were uninterrupted by work – he essentially ate at his work station.[2]  His regular work day was *at least* from 11 to 11 ½ hours.  Stultz testified that during the latter half of his stint as parts manager he worked until 6:00 p.m. as a rule – which would be 12-hour days.

---

[2]   Meal periods constitute compensable work time if the employee performs work during the meal period.  *29 CFR 785.19.*

Stultz performed fleet terminal audits and scrap audits for several days each month.  He testified that his typical work day when doing the audits was 12 to 14 hours.  Stultz also testified that he worked at home occasionally, sometimes in the evenings but more often on weekends.  The work involved fielding calls from technicians, which would require him to search the computer records to track parts.  The amount of time worked would be approximately one hour for each call, and Stultz testified that he averaged two at-home work days per month.

A just and reasonable inference from Stultz's testimony is that he averaged nearly 12 hour work days – and adding in his at-home work easily brings his total to 60 hours per week, which is 20 hours of overtime.

Even taking Stultz's *minimum* regular work weeks of 11 and 12 hours for the first and second halves of his salary stint, respectively, he averaged 57.5 hours per regular five-day work week, or 17.5 hours of overtime.  With the addition of the audit days and the at-home work, and taking into account occasional days when he may have had a full lunch period, occasional days off and other possible reductions in hours, it is reasonable to estimate his average workweek at 55.75 hours, or 15.75 hours of overtime.

Hunt offered no evidence of the "precise" number of hours worked or evidence to "negative the reasonableness of the inference to be drawn" from the employee's evidence."  To the contrary, Mumm testified that Stultz was at work

when he arrived at 6:30 a.m., and was still at work when Mumm left at around 5:00 p.m.  In fact, Hunt presented absolutely no evidence of any kind regarding the number of hours that Stultz worked.  Given the lack of contrary evidence, the Court should accept Stultz's estimated hours of work.

The evidence presented at trial supports the reasonable inference that Stultz regularly worked 20 hours of overtime per week.  At the very least, the evidence supports a determination that he worked 15.75 hours of overtime.

## C.   DAMAGES CALCULATION

As set forth on *Exhibit 1*, Stultz's total unpaid overtime compensation based on an average of 20 hours of overtime per week is $71,099.02.  Stultz submits that this is the most just and reasonable estimate of his actual damages.

In the event that the Court determines that a more reasonable estimate is 15.75 hours of overtime per week, the actual damages, per *Exhibit 2*, would come to $55,990.48.

## III.  CONCLUSION

Based on his undisputed trial testimony, Stultz requests that this Court determine that his actual damages arising from Hunt's violation of the FLSA are

$71,099.02 and award him that amount plus an additional equal amount as liquidated damages, for total damages of $142,198.05.[3]

Respectfully submitted,

**GOLD STAR LAW, P.C.**

**_/s/ David A. Hardesty_**
**David A. Hardesty P38609**
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200

Dated: July 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel registered electronically.

/s/ Christine Agar_____
Christine Agar
**GOLD STAR LAW, P.C.**

---

[3]   Stultz is also entitled to recover his costs and reasonable attorney fees.  He will attempt to reach agreement with Hunt regarding these amounts and, if not, will submit a motion for an award of costs and fees.

8

# EXHIBIT

# 1

# Stultz Overtime Pay Calculations

| First pay rate: | | |
|---|---|---|
| Annualized pay: | $2,167.12 | Paid twice per month |
| Weekly pay: | $52,010.88 | Pay rate times 24 total payments |
| Hourly rate: | $1,000.21 | Annualized pay divided by 52 weeks |
| Overtime Rate: | $25.01 | Weekly pay divided by 40 hours |
| Start date: | $37.51 | Hourly rate times one and a half |
| End date: | 8/29/2011 | Date when the pay rate began |
| Number of weeks: | 5/5/2012 | Last date before pay increase |
| Overtime per week: | 35.71 | Total number of weeks at this rate |
| Total overtime hours: | 20 | 60 hours per week minus 40 "regular" hours |
| Total overtime due: | 714.2857143 | Weekly overtime hours times total number of weeks |
| | $26,791.32 | Total overtime hours times the overtime rate |

| Second pay rate: | | |
|---|---|---|
| Annualized pay: | $2,230.77 | Paid twice per month |
| Weekly pay: | $53,538.48 | Pay rate times 24 total payments |
| Hourly rate: | $1,029.59 | Annualized pay divided by 52 weeks |
| Overtime Rate: | $25.74 | Weekly pay divided by 40 hours |
| Start date: | $38.61 | Hourly rate times one and a half |
| End date: | 5/6/2012 | Date when the pay rate began |
| Number of weeks: | 5/4/2013 | Last date before pay increase |
| Overtime per week: | 51.86 | Total number of weeks at this rate |
| Total overtime hours: | 20 | 60 hours per week minus 40 "regular" hours |
| Total overtime due: | 1037.142857 | Weekly overtime hours times total number of weeks |
| | $40,043.55 | Total overtime hours times the overtime rate |

## Stultz Overtime Pay Calculations

| Third pay rate: | $2,269.23 | Paid twice per month |
|---|---|---|
| Annualized pay: | $54,461.52 | Pay rate times 24 total payments |
| Weekly pay: | $1,047.34 | Annualized pay divided by 52 weeks |
| Hourly rate: | $26.18 | Weekly pay divided by 40 hours |
| Overtime Rate: | $39.28 | Hourly rate times one and a half |
| Start date: | 5/5/2013 | Date when the pay rate began |
| End date: | 6/12/2013 | Last date before pay increase |
| Number of weeks: | 5.43 | Total number of weeks at this rate |
| Overtime per week: | 20 | 60 hours per week minus 40 "regular" hours |
| Total overtime hours: | 108.5714286 | Weekly overtime hours times total number of weeks |
| Total overtime due: | $4,264.16 | Total overtime hours times the overtime rate |

| Total Overtime Due: | $71,099.02 | Sum of the totals for all 3 periods |
|---|---|---|
| With Liquidated: | $142,198.05 | Total overtime due plus an equal amount |

# EXHIBIT
# 2

# Stultz Overtime Pay Calculations

| First pay rate: | $2,167.12 | Paid twice per month |
|---|---|---|
| Annualized pay: | $52,010.88 | Pay rate times 24 total payments |
| Weekly pay: | $1,000.21 | Annualized pay divided by 52 weeks |
| Hourly rate: | $25.01 | Weekly pay divided by 40 hours |
| Overtime Rate: | $37.51 | Hourly rate times one and a half |
| Start date: | 8/29/2011 | Date when the pay rate began |
| End date: | 5/5/2012 | Last date before pay increase |
| Number of weeks: | 35.71 | Total number of weeks at this rate |
| Overtime per week: | 15.75 | 55.75 hours per week minus 40 "regular" hours |
| Total overtime hours: | 562.5 | Weekly overtime hours times total number of weeks |
| Total overtime due: | $21,098.16 | Total overtime hours times the overtime rate |

| Second pay rate: | $2,230.77 | Paid twice per month |
|---|---|---|
| Annualized pay: | $53,538.48 | Pay rate times 24 total payments |
| Weekly pay: | $1,029.59 | Annualized pay divided by 52 weeks |
| Hourly rate: | $25.74 | Weekly pay divided by 40 hours |
| Overtime Rate: | $38.61 | Hourly rate times one and a half |
| Start date: | 5/6/2012 | Date when the pay rate began |
| End date: | 5/4/2013 | Last date before pay increase |
| Number of weeks: | 51.86 | Total number of weeks at this rate |
| Overtime per week: | 15.75 | 55.75 hours per week minus 40 "regular" hours |
| Total overtime hours: | 816.75 | Weekly overtime hours times total number of weeks |
| Total overtime due: | $31,534.29 | Total overtime hours times the overtime rate |

# Stulz Overtime Pay Calculations

| | | |
|---|---|---|
| Third pay rate: | $2,269.23 | Paid twice per month |
| Annualized pay: | $54,461.52 | Pay rate times 24 total payments |
| Weekly pay: | $1,047.34 | Annualized pay divided by 52 weeks |
| Hourly rate: | $26.18 | Weekly pay divided by 40 hours |
| Overtime Rate: | $39.28 | Hourly rate times one and a half |
| Start date: | 5/5/2013 | Date when the pay rate began |
| End date: | 6/12/2013 | Last date before pay increase |
| Number of weeks: | 5.43 | Total number of weeks at this rate |
| Overtime per week: | 15.75 | 55.75 hours per week minus 40 "regular" hours |
| Total overtime hours: | 85.5 | Weekly overtime hours times total number of weeks |
| Total overtime due: | $3,358.02 | Total overtime hours times the overtime rate |

| | | |
|---|---|---|
| Total Overtime Due: | $55,990.48 | Sum of the totals for all 3 periods |
| With Liquidated: | $111,980.96 | Total overtime due plus an equal amount |