UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT STULTZ,

      Plaintiff,

-vs-               Case No. 13-cv-13705
               Hon. Patrick J. Duggan

J. B. HUNT TRANSPORT, INC.

      Defendant.

---

| GOLD STAR LAW, P.C. | FOSTER SWIFT COLLINS & SMITH PC |
|---|---|
| By: David A. Hardesty (P38609) | By: Dirk H. Beckwith (P35609) |
|   Maia E. Johnson (P40533) |   Michael R. Blum (P39976) |
| Attorneys for Robert Stultz | Attorneys for J. B. Hunt Transport |
| 2701 Troy Center Drive, Suite 400 | 32300 Northwestern Highway, Suite 230 |
| Troy, Michigan 48084 | Farmington Hills, Michigan 48334-1571 |
| 248.707.1969 | 248.539.9918 |

---

**J. B. Hunt Transport, Inc.'s
Post-Trial Brief as to Robert Stultz's Damages**

I.  Introduction

  This matter came before the Court for a bench trial on May 15 and 19, 2014. On June 12, 2014, this Court issued its Findings of Fact and Conclusions of Law. In the Findings of Fact and Conclusions of Law, the Court concluded:

> (1) the administrative exemption of 29 U.S.C. § 213(a)(1) does not apply in this case, and that Defendant violated the FLSA in failing to compensate Plaintiff for hours worked beyond forty hours per week while he served as parts manager from January 16, 2011 until July 12, 2013; (2) Plaintiff failed to prove that Defendant's FLSA violation was willful and, thus Plaintiff is barred from recovering any unpaid overtime for hours worked before August 29, 2011; and (3) Plaintiff is entitled to liquidated damages in the amount of the unpaid overtime compensation due to him.

In the event the parties were not able to agree upon the amount of overtime compensation due to the Plaintiff, the parties were instructed to file post-trial briefs as to the amount of damages due to Plaintiff, given the Court's rulings.

II.  Trial Testimony as to Hours Worked by J. B. Hunt Transport, Inc. Salaried Employees.

At trial, there was testimony to support an argument that J. B. Hunt Transport, Inc. expected salaried employees to be at work on Monday through Friday from 7:00 a.m. to 5:00 p.m. Richard Mumm (J. B. Hunt Transport's Maintenance Supervisor at the Wayne, Michigan facility and Mr. Stultz's immediate supervisor) and Veral Noland (J. B. Hunt Transport's Tire Program Manager) both testified J. B. Hunt Transport, Inc. expected salaried employees to be at work 10 hours per day including 1 hour for lunch.

Originally, Mr. Stultz reported to work at 7:00 a.m. like other J. B. Hunt Transport, Inc. salaried employees. At some point in time, Mr. Stultz (there is no evidence in the record as to when) began showing up at the office before 7:00 a.m. While Mr. Mumm acknowledged Mr. Stultz reported to work before 7:00 a.m., there is no evidence in the record as to when Mr. Stultz began reporting to work before 7:00 a.m. or how frequently he was at the office before 7:00 a.m.

III.  Calculation of Mr. Stultz's Damages

United States District Judge David M. Lawson, in *Arrington v. Michigan Bell Telephone Co.*, 2012 U.S. Dist. LEXIS 149544 [2012], recently discussed the method of calculation of an employee's damages in a FLSA case. (A copy of Judge Lawson's decision in *Arrington* is attached.) In *Arrington*, Judge Lawson reasoned as follows:

Under the FLSA, the maximum regular workweek for nonexempt employees is forty hours, and nonexempt employees are entitled to overtime pay for hours worked beyond that number "at a rate not less than one and one-half times the regular rate" of pay. 29 U.S.C. § 207(a). The "regular rate," therefore, is the "keystone" in determining "the amount of overtime payments necessary to effectuate the statutory purpose." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424, 65 S. Ct. 1242, 89 L. Ed. 1705 (1945). In *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942), the Supreme Court held that for the purposes of the overtime provisions of the FLSA, "[w]here the employment contract is for a weekly wage with variable or fluctuating hours," the regular rate of pay is calculated by dividing the weekly wage by the number of hours worked in a particular week. *Missel*, 316 U.S. at 580. The Court found that the rate is "regular in the statutory sense inasmuch as the rate per hour does not vary for the entire week, though week by week the regular rate varies with the number of hours worked." *Ibid*. The Court cited *Bumpus v. Continental Baking Co.*, 124 F.2d 549, 552 (6th Cir. 1941), in which the Sixth Circuit approved the fluctuating workweek method of overtime calculation and found that "[f]or each overtime hour for which appellant received his regular rate he is entitled only to additional half-time pay." *Bumpus*, 124 F.2d at 553.

The plaintiffs acknowledge the holding in *Missel*, but argue that the method there described is not applicable in a misclassification case. There is no Sixth Circuit precedent controlling the calculation of damages in FLSA misclassification cases. However, every circuit court to consider the issue has found the fluctuating workweek method described in *Missel* and proposed by the defendant (that is, dividing the weekly salary by all hours worked in a given week to find the base rate and then awarding 50% of the base rate for all hours worked over forty) applicable in the misclassification context. See *Desmond v. PNGI Charles Town Gaming*, 630 F.3d 351 (4th Cir. 2011); *Urnikis-Negro v. American Family Prop. Servs.*, 616 F.3d 665 (7th Cir. 2010); *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008); *Valerio v. Putnam Assocs.*, 173 F.3d 35 (1st Cir. 1999); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir.1988).

However, courts discussing this issue also have acknowledged that "[t]he employee's regular rate of pay is a factual matter." *Urnikis-Negro*, 616 F.3d at 680. "[W]here the employer and the employee have in fact agreed that a fixed weekly salary will constitute payment at the regular rate for any and all hours worked . . . there is no factual basis for deeming the salary to constitute straight-time compensation for 40 hours alone." *Ibid*. (emphasis added). District courts employing the fluctuating workweek method of calculating "straight time" have predicated that procedure on a factual finding "that there was an agreement that the fixed weekly salary covered all hours worked." *Desmond*, 630 F.3d at 356 . . . .

In the case at bar, there was an agreement that Mr. Stultz's fixed weekly salary covered all hours worked by Mr. Stultz. When Mr. Stultz was promoted to the position of Parts Manager he negotiated his salary. Based upon the fluctuating workweek method of calculating Mr. Stultz's damages, his damages can be calculated as follows:

|  | 5 hours per week overtime | 10 hours per week overtime |
|---|---|---|
| | August 29, 2011 to May 5, 2012 | |
| Overtime rate | 25.01 x .5 = 12.51 | 25.01 x .5 = 12.51 |
| Hours per week | 5 | 10 |
| | 62.52 | 125.05 |
| Number of weeks | 35.71 | 35.71 |
| | $2,232.76 | $4,465.54 |
| | May 6, 2012 to May 4, 2013 | |
| Overtime rate | 25.74 x .5 = 12.87 | 25.74 x .5 = 12.87 |
| Hours per week | 5 | 10 |
| | 64.35 | 128.70 |
| Number of weeks | 51.86 | 51.86 |
| | $3,337.19 | $6,674.38 |
| | May 5, 2013 to June 12, 2013 | |
| Overtime rate | 26.18 x .5 = 13.09 | 26.18 x .5 = 13.09 |
| Hours per week | 5 | 10 |
| | 65.45 | 130.90 |
| Number of weeks | 5.43 | 5.43 |
| | $355.40 | $710.79 |

DAMAGES SUMMARY

|  |  |  |
|---|---|---|
| | $2,232.76 | $4,465.54 |
| | 3,337.19 | 6,674.38 |
| | 355.40 | 710.79 |
| | $5,925.35 | $11,850.71 |
| Liquidated | x2 | x2 |
| | $11,850.70 | $23,701.42 |

I.  Conclusion

Based upon the evidence and case law, J. B. Hunt Transport, Inc. submits Mr. Stultz's damages total $11,850.72. In the alternative, Mr. Stultz's damages are no more than $23,701.42.

FOSTER SWIFT COLLINS & SMITH PC

/s/ Dirk H. Beckwith
By: Dirk H. Beckwith (P35609)
Attorneys for J. B. Hunt Transport, Inc.
32300 Northwestern Highway, Suite 230
Farmington Hills, Michigan 48334-1571
248.539.9918

Dated: July 14, 2014



Neutral
As of: July 14, 2014 2:21 PM EDT

# Arrington v. Mich. Bell Tel. Co.

United States District Court for the Eastern District of Michigan, Southern Division
October 15, 2012, Decided; October 15, 2012, Filed
Case Number 10-10975

**Reporter:** 2012 U.S. Dist. LEXIS 149544

WENDY A. ARRINGTON, DENNIS J. NAGY, DARRIN T. TUCKER, LACRACHA RANDAL, and SONEQUA DANIELS, Plaintiffs, v. MICHIGAN BELL TELEPHONE COMPANY, Defendant.

**Subsequent History:** Motion granted by *Arrington v. Mich. Bell Tel. Co., 2012 U.S. Dist. LEXIS 157362 ( E.D. Mich., Nov. 2, 2012)*

**Prior History:** *Arrington v. Mich. Bell Tel. Co., 2012 U.S. Dist. LEXIS 39781 ( E.D. Mich., Mar. 23, 2012)*

### Core Terms

overtime, hours worked, regular rate, calculate, salary, calculation of damages, defense motion, in limine, work week

**Counsel:** [*1] For Wendy A Arrington, Dennis J. Nagy, Darrin T Tucker, LaCracha Randal, Sonequa Daniels, Plaintiffs: Dale R. Burmeister, Jason R. Mathers, Harvey Kruse (Troy), Troy, MI. Defendant.

For Michigan Bell Telephone Company, Defendant: Bryan A. Stillwagon - NOT SWORN, Paul, Hastings, Janofsky & Walker LLP, Atlanta, GA; Kenneth W. Gage, Paul Hastings LLP, Chicago, IL. Leslie A. Dent, Paul, Hastings, Atlanta, GA; Lisa M. Bruno, AT&T Michigan, Detroit, MI; Stacey Bentley, Paul Hastings, Atlanta, GA.

**Judges:** Honorable DAVID M. LAWSON, United States District Judge.

**Opinion by:** DAVID M. LAWSON

### Opinion

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT ON DAMAGE CALCULATIONS

The plaintiffs have brought suit against their employer, Michigan Bell Telephone Company. They challenge the defendant's practice of improperly classifying certain categories of employees as exempt from overtime pay and thus failing to pay these wages as required under the Fair Labor Standards Act (FLSA), *29 U.S.C. § 201 et seq.* Presently before the Court is the defendant's motion *in limine* to exclude evidence and argument regarding damages calculations based on an overtime premium rate other than one-half the plaintiffs' [*2] regular rate of pay. The Court has reviewed the motion papers and heard oral argument in open court on April 16, 2012. For the reasons discussed below, the Court will deny the defendant's motion without prejudice.

The plaintiffs are current and former employees of the defendant, Michigan Bell Telephone Company. The plaintiffs were employed as First Level Managers and were classified as exempt from overtime wages under the Fair Labor Standards Act (FLSA). The plaintiffs allege that their workweeks routinely exceeded forty hours, but that they were not paid overtime for hours worked over forty. The plaintiffs contend that they were mis-classified as exempt and therefore are entitled to overtime wages for all hours worked over forty each week. The defendant argues that the plaintiffs were correctly classified and therefore are not entitled to overtime pay.

It its motion, the defendant seeks to prevent the plaintiffs from arguing that their salary was intended to compensate them for only forty hours of work, and therefore they should receive 150% of their hourly rate for all hours worked over 40 in any week. The defendant argues that the plaintiffs' salary compensated the plaintiffs for [*3] the straight-time component of all hours worked, and that therefore they are only entitled to an overtime premium of 50% of their regular rate of pay. Therefore, the defendant argues, the proper calculation of damages involves dividing the plaintiffs' salary for a particular week by the number of hours of work and applying a 50% premium to all hours worked beyond forty. The plaintiffs argue that the method proposed by the defendant for calculating damages is not proper in the context of a misclassification case and there was no clear and mutual understanding that the plaintiffs' salaries were intended to compensate them for all hours worked in a week.

Under the FLSA, the maximum regular workweek for nonexempt employees is forty hours, and nonexempt

Case 2:13-cv-13705-PJD-MAR   ECF No. 25, PageID.117   Filed 07/14/14   Page 7 of 7

Page 2 of 2
2012 U.S. Dist. LEXIS 149544, *3

employees are entitled to overtime pay for hours worked beyond that number "at a rate not less than one and one-half times the regular rate" of pay. *29 U.S.C. § 207(a)*. The "regular rate," therefore, is the "keystone" in determining "the amount of overtime payments necessary to effectuate the statutory purpose." *Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 424, 65 S. Ct. 1242, 89 L. Ed. 1705 (1945)*. In *Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942)*, [*4] the Supreme Court held that for the purposes of the overtime provisions of the FLSA, "[w]here the employment contract is for a weekly wage with variable or fluctuating hours," the regular rate of pay is calculated by dividing the weekly wage by the number of hours worked in a particular week. *Missel, 316 U.S. at 580*. The Court found that the rate is "regular in the statutory sense inasmuch as the rate per hour does not vary for the entire week, though week by week the regular rate varies with the number of hours worked." *Ibid.* The Court cited *Bumpus v. Continental Baking Co., 124 F.2d 549, 552 (6th Cir. 1941)*, in which the Sixth Circuit approved the fluctuating workweek method of overtime calculation and found that "[f]or each overtime hour for which appellant received his regular rate he is entitled only to additional half-time pay." *Bumpus, 124 F.2d at 553*.

The plaintiffs acknowledge the holding in *Missel*, but argue that the method there described is not applicable in a misclassification case. There is no Sixth Circuit precedent controlling the calculation of damages in FLSA misclassification cases. However, every circuit court to consider the issue has found the fluctuating workweek [*5] method described in *Missel* and proposed by the defendant (that is, dividing the weekly salary by all hours worked in a given week to find the base rate and then awarding 50% of the base rate for all hours worked over forty) applicable in the misclassification context. *See Desmond v. PNGI Charles Town Gaming, 630 F.3d 351 (4th Cir. 2011); Urnikis-Negro v. American Family Prop. Servs., 616 F.3d 665 (7th Cir. 2010); Clements v. Serco, Inc., 530 F.3d 1224 (10th Cir. 2008); Valerio v. Putnam Assocs., 173 F.3d 35 (1st Cir. 1999); Blackmon v. Brookshire Grocery Co., 835 F.2d 1135 (5th Cir.1988)*.

However, courts discussing this issue also have acknowledged that "[t]he employee's regular rate of pay is a factual matter." *Urnikis-Negro, 616 F.3d at 680*. "[W]here the employer and the employee have *in fact* agreed that a fixed weekly salary will constitute payment at the regular rate for any and all hours worked . . . there is no factual basis for deeming the salary to constitute straight-time compensation for 40 hours alone." *Ibid.* (emphasis added). District courts employing the fluctuating workweek method of calculating "straight time" have predicated that procedure on a factual finding "that [*6] there was an agreement that the fixed weekly salary covered all hours worked." *Desmond, 630 F.3d at 356*. Most often, that determination has been made in the context of a motion for summary judgment or at the conclusion of a bench trial. *See, e.g., Ransom v. M. Patel Enters. Inc., 825 F. Supp. 2d 799 (W.D. Tex. 2011)* (denying a motion for summary judgment on damages calculation and noting that "[d]etermining the proper overtime calculation method is a fact-dependent inquiry"); *Ahle v. Veracity Research Co., 738 F. Supp. 2d 896, 918 (D. Minn. 2010); Fenton v. Farmers Ins. Exchange, 663 F. Supp. 2d 718, 729 (D. Minn. 2009); Urnikis-Negro v. American Family Property Services, Inc., No. 06 C 6014, 2008 U.S. Dist. LEXIS 102034, 2008 WL 5539823 (N.D. Ill. July 21, 2008); Desmond v. PNGI Charles Town Gaming, LLC, 661 F. Supp. 2d 573 (N.D. W.Va. 2009)*.

The defendant seeks to exclude evidence and argument on the appropriate method of calculating damages. A motion *in limine* is not an appropriate vehicle with which to seek a ruling on a fact-dependant issue such as this. "Normally, motions *in limine* are not proper devices for the wholesale disposition of theories or defenses." *SPX Corp. v. Bartec USA, No. 06-14888, 2008 U.S. Dist. LEXIS 112004, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008)* [*7] (citing *Figgins v. Advance Am., 482 F. Supp. 2d 861, 870-71 (E.D. Mich. 2007))*. Instead, such arguments should be raised in a motion for summary judgment and should be decided based on the evidence in the record. *See 2008 U.S. Dist. LEXIS 112004, [WL] at *8*. The deadline for filing dispositive motions in this case was December 14, 2011. This motion *in limine* was not filed until March 23, 2012. The defendants did file a motion for summary judgment, but their argument as to the calculation of damages, as reflected here, was not included in that motion. Because the defendant's motion was filed after the dispositive motion deadline and because the determination of the appropriate method for calculating damages requires a factual finding that the Court is not presently in a position to make, the Court will deny the defendant's motion without prejudice. The Court will determine the appropriate method for calculating damages in consideration of the facts presented at trial.

Accordingly, it is **ORDERED** that the defendant's motion *in limine* to exclude evidence and argument on damages calculations based on an overtime premium rate other than one-half the regular rate of pay [dkt. #103] is **DENIED WITHOUT PREJUDICE.**

/s/ David M. Lawson [*8]

DAVID M. LAWSON

United States District Judge

Dated: October 15, 2012

Rachel Gizicki