UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT STULTZ,

       Plaintiff,                            Civil Action No.
                                                  13-CV-13705

vs.

                                                  Honorable Patrick J. Duggan

J.B. HUNT TRANSPORT, INC.,

       Defendant.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGES**

**I.  INTRODUCTION**

     Following a bench trial, the Court found that Defendant J.B. Hunt Transport, Inc. violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, by failing to compensate Plaintiff Robert Stultz for hours worked beyond forty hours per week while he served as a parts manager from January 16, 2011 until July 12, 2013.  The Court further found that Plaintiff failed to prove that Defendant's FLSA violation was willful, and thus Plaintiff can recover unpaid overtime only for work performed from August 29, 2011 through July 12, 2013.  Finally, the Court found that Plaintiff is entitled to liquidated damages in the amount of the unpaid overtime compensation due to him.  *Stultz v. J.B. Hunt Transport, Inc.*, No. 13-CV-13705, 2014 WL 2615407 (E.D. Mich. Jun. 12, 2014).  The Court ordered the parties to

attempt in good faith to agree on the amount of damages that should be awarded pursuant to the Court's rulings; however, the parties have informed the Court that they cannot reach an agreement. Accordingly, the parties submitted post-trial briefs on damages, and the matter is now ready for decision.

## II.  ANALYSIS

With regard to damages, the parties disagree about two issues. The first is the number of hours for which Plaintiff is due overtime compensation. The second is the amount of compensation per overtime hour that Plaintiff is due. The Court addresses these issues, in turn.

### A.  Number of Overtime Hours

The Court applies the following law in determining the number of overtime hours for which Plaintiff is entitled to compensation:

> FLSA and its implementing regulations require an employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by [the employer]." 29 U.S.C. § 211(c). Ordinarily, an employee seeking to recover unpaid . . . overtime under FLSA "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946). However, when an employer fails to maintain records concerning the employee's wages, hours, and other terms and conditions of employment as required by FLSA, the plaintiff may carry out this burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.*

*Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 367 (S.D.N.Y. 2005).

2

Here, Defendant admits that it failed to abide by its duty to keep track of the number of hours Plaintiff worked per week; thus, Plaintiff must only produce sufficient evidence to show the number of hours for which he is owed overtime wages "as a matter of just and reasonable inference." *Id.* Plaintiff argues that the evidence adduced at trial supports a finding that he regularly worked between 15.75 and twenty hours of overtime per week; Defendant argues that the range is closer to five to ten overtime hours per week.

Plaintiff testified that, as a parts manager, he worked Monday through Friday and occasionally on the weekend. With regard to this Monday through Friday schedule, Plaintiff testified that he worked from 6:00 a.m. until 5:00 or 5:30 p.m. beginning at the end of March or early April 2011. Plaintiff estimated that he worked until 5:00 p.m. about 85% of the time and until 5:30 p.m. the remaining 15% of the time. Plaintiff testified that he either did not have time to take a lunch break or worked while eating his lunch. With regard to his weekend work, Plaintiff testified that he occasionally received work-related phone calls on the weekend, requiring him to work about three hours per month on the weekend while he was parts manager.

In light of Plaintiff's uncontroverted testimony regarding his work schedule, the Court finds as follows, as a matter of just and reasonable inference:

- Throughout his tenure as parts manager, Plaintiff worked until 5:00 p.m. 85% of the time and until 5:30 p.m. the remaining 15% of the time.

- Beginning in April 2011 and continuing throughout his tenure as parts manager, Plaintiff began work at 6:00 a.m.

- Throughout his tenure as parts manager, Plaintiff worked three hours per month on the weekend.

- Throughout his tenure as parts manager, Plaintiff's heavy workload caused him to either not take a lunch break or to eat lunch while working, and Plaintiff's lunchtime work was performed with Defendant's tacit approval, predominantly for Defendant's benefit. Therefore, Plaintiff is entitled to compensation for that time. *See* 29 C.F.R. § 785.19(a) ("The employee must be completely relieved from duty for the purposes of eating regular meals. . . . The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating."); *Henson v. Pulaski Cnty. Sheriff Dep't*, 6 F.3d 531, 534 (8th Cir. 1993) (reaffirming principle "that the predominantly-for-the-benefit-of-the-employer standard provides the appropriate test for determining the compensability of meal periods under the FLSA").

### B. Amount of Compensation Per Overtime Hour

Under the FLSA, the maximum regular workweek for nonexempt employees is forty hours, and nonexempt employees are entitled to overtime pay for hours worked beyond that number "at a rate not less than one and one-half times the regular rate" of pay. 29 U.S.C. § 207(a). The parties agree that Plaintiff received two raises while he served as parts manager and that his salary was $2,167.12, paid twice per month, from August 29, 2011 until May 5, 2012; $2,230.77, paid twice per month, from May 6, 2012 until May 4, 2013; and $2,269.23, paid twice per month, from May 5, 2013 until July 12, 2013. Converting these salaries into hourly rates and expressing the duration of those rates in weeks, the parties agree

4

that Plaintiff was paid at an hourly rate of $25.01 for 35.71 weeks; $25.75 for 51.86 weeks; and $26.51 for 5.43 weeks.

The issue over which the parties disagree is whether Plaintiff is entitled to 1.5 times the above hourly rates per hour worked above forty per week, or rather one-half of those hourly rates per overtime hour. The answer depends on the nature of Plaintiff's compensation arrangement with Defendant. Defendant argues that the so-called "fluctuating workweek" method, described at 29 C.F.R. § 778.114, applies. This method applies in situations where the employee and employer agree that a fixed salary will compensate the employee for all hours worked in a given week, regardless of the number of hours worked. Under this type of arrangement, FLSA damages are calculated by dividing the weekly salary by all hours worked in a particular week to find the regular hourly rate of pay during that week-long period, and then awarding 50% of that rate for every hour worked above forty. Employees working under fluctuating-hour employment contracts are entitled to only 50% of their regular hourly rate for each hour worked over forty per week – and not 150% of their regular hourly rate for overtime hours – because they were already compensated through their salary at their regular rate for overtime hours. Thus, employees with fluctuating-hour contracts are entitled only to additional half-time pay. *See* 29 C.F.R. § 778.114; *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 62 S. Ct. 1216 (1942), *superseded on other*

*grounds by statute*, 29 U.S.C. § 260, *as recognized in Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 n.22, 105 S. Ct. 613, 625 n.22 (1985); *Bumpus v. Cont'l Baking Co.*, 124 F.2d 549, 553 (6th Cir. 1941).

"The question of whether an employer and employee agreed to a fixed weekly wage for fluctuating hours is a question of fact." *Black v. SettlePou, P.C.*, 732 F.3d 492, 498 (5th Cir. 2013). In the present case, Defendant points to no evidence of any mutual understanding between Plaintiff and Defendant that Plaintiff's fixed salary was meant to compensate him for any and all hours that he worked, and the Court is not aware of any such evidence.[1] On the contrary, both Plaintiff and Richard Mumm, Defendant's maintenance manager and Plaintiff's supervisor, testified that Defendant expected its salaried employees to work forty-five hours per week, including one hour for lunch. Accordingly, the Court finds that the fluctuating workweek method of 29 C.F.R. § 778.114 does not apply, and that Plaintiff is entitled to be compensated for hours worked in excess of forty per week at a rate of 1.5 times his regular hourly rate.[2]

---

[1] While Defendant states in its brief that "there was an agreement that Mr. Stultz's fixed weekly salary covered all hours worked by Mr. Stultz," Dkt. 25 (Page ID 114), Defendant fails to cite any supporting evidence.

[2] Although Plaintiff's salary covered forty-five hours per week, he is entitled to overtime compensation for hours worked in excess of forty, as five of the forty-five hours were designated for lunch and, for the reasons indicated above, Plaintiff is entitled overtime compensation for his working lunches.

### III. CONCLUSION

For the reasons stated above, the Court concludes as follows: (1) Throughout his tenure as parts manager, Plaintiff worked until 5:00 p.m. 85% of the time and until 5:30 p.m. the remaining 15% of the time; (2) Beginning in April 2011 and continuing throughout his tenure as parts manager, Plaintiff began work at 6:00 a.m.; (3) Throughout his tenure as parts manager, Plaintiff worked three hours per month on the weekend; (4) Plaintiff is entitled to compensation for his working lunches throughout his tenure as parts manager; and (5) The fluctuating workweek method of 29 C.F.R. § 778.114 does not apply, and Plaintiff shall be compensated for hours worked in excess of forty per week at a rate of 1.5 times his regular hourly rate. By August 4, 2014, the parties shall submit through the CM/ECF utilities function a stipulated final judgment containing a damages amount that reflects the Court's rulings.

**SO ORDERED.**

Dated: July 28, 2014         s/PATRICK J. DUGGAN
                             UNITED STATES DISTRICT JUDGE


Copies to:

David A. Hardesty, Esq.
Dirk H. Beckwith, Esq.

7