UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT STULTZ,

                Plaintiff,                               Civil Action No.
                                                               13-CV-13705

vs.

                                                            Honorable Patrick J. Duggan

J.B. HUNT TRANSPORT, INC.,

                Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY FEES

Following a bench trial, the Court found that Defendant J.B. Hunt Transport, Inc. violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*., by failing to compensate Plaintiff Robert Stultz for hours worked beyond forty hours per week while he served as a parts manager from January 16, 2011 until July 12, 2013. The Court further found that Plaintiff failed to prove that Defendant's FLSA violation was willful, and thus Plaintiff can recover unpaid overtime only for work performed from August 29, 2011 through July 12, 2013, and that Plaintiff is entitled to liquidated damages in the amount of the unpaid overtime compensation due to him. *Stultz v. J.B. Hunt Transport, Inc.*, No. 13-CV-13705, 2014 WL 2615407 (E.D. Mich. Jun. 12, 2014). On September 8, 2014, the Court entered

judgment in favor of Plaintiff and against Defendant in the amount of $114,237, plus reasonable costs and attorney fees "in an amount to be determined."

The matter is now before the Court on Plaintiff's motion for costs and attorney fees, filed on September 11, 2014. Defendant has filed a response; Plaintiff has not filed a reply, and the time to do so has expired. The Court dispenses with oral argument, *see* E.D. Mich. LR 7.1(f)(2), and will grant the motion in part for the reasons that follow.

The parties agree that Plaintiff is entitled to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Plaintiff seeks $1,371.50 in costs, and Defendant does not oppose an award of costs in that amount. Having reviewed the chart submitted by Plaintiff listing the costs he incurred in this matter, *see* ECF No. 29-1 Page ID 170, the Court grants Plaintiff's motion seeking costs from Defendant in the amount of $1,371.50.

Plaintiff seeks a total of $38,857.50 in attorney fees. In support of his request, Plaintiff submits a chart listing a description of each task performed by the two attorneys who worked on this matter (David Hardesty and Caitlin Malhoit), the date on which each task was performed, the amount of time allocated to each task, and the hourly rate charged ($350 for Mr. Hardesty and $225 for Ms. Malhoit).

2

*See* ECF No. 29-1 Page ID 166-68.  In its response brief, Defendant objects to only one of the entries on the chart: An entry on May 15, 2014 (the day of the bench trial) by Ms. Malhoit for 9.2 hours spent for "Court time for trial, incl. drive time." Defendant states in its response brief:

> J. B. Hunt Transport, Inc. was not aware Caitlin Malhoit was assisting in this lawsuit.  To the best of J. B. Hunt Transport's recollection, no one sat at counsel table with Mr. Hardesty other than Mr. Stultz.  J. B. Hunt Transport's attorney remembers a conversation with someone sitting in the courtroom who said something to the effect that they were just observing the trial.  At no time did Ms. Malhoit examine any of the witnesses or enter an appearance in this case.  In any event, given the fact that Mr. Hardesty has been practicing employment law for almost 34 years there was nothing unique about this case that required an attorney to sit as second chair at trial.

The Court also does not recall Ms. Malhoit's presence at counsel table during the trial and, because Plaintiff has not filed a reply brief explaining why the Court should approve this time entry, the Court declines to do so.

Finally, although not raised by Defendant, the Court notes a time entry on May 9, 2014 by Maia Johnson for 0.5 hours at an hourly rate of $300.  There is no explanation in the motion as to the identity of Maia Johnson and Plaintiff states in the motion that the only two attorneys who worked on this case were Mr. Hardesty and Ms. Malhoit.  Thus, the Court cannot approve this time entry.

The Court has reviewed the remainder of the chart, along with Mr. Hardesty's affidavit and the other materials attached to the motion, and concludes that the remainder of the fees sought are reasonable.  Accordingly, Plaintiff is

3

entitled to an attorney fee award in the amount of $36,637.50 (the fees sought minus the two time entries discussed above).

For the reasons stated, the Court awards costs and attorney fees to Plaintiff in the total amount of $38,009.  *See* 29 U.S.C. § 216(b).

**SO ORDERED.**


Dated: October 14, 2014                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE


Copies to:

David A. Hardesty, Esq.
Dirk H. Beckwith, Esq.